Western Dis.
*Sept.* 1828.

*PIERRE & AL,* vs. *MASSE & AL.*

A party who wishes to interplead must shew that the decision of the case is to affect his rights.

It is not enough that he shews that he has claims to enforce against either of the parties.

APPEAL from the court of the fifth district—the judge of the 7tn presiding.

PORTER, J. delivered the opinion of the court. The only question in this case is the right of the interpleader to intervene. The court below refused him permission to do so, and he appealed.

The suit between the plaintiffs and defendants grew out of steps taken by the latter to carry into effect a judgment they had obtained in their favour, in an action in which both parties claimed the estate of one Madelaine Masse, a f. w. c. Judgment being rendered in favour of the defendants for two thirds of the estate, they proceeded to take out a writ of possession, and were about to execute it, when the plaintiffs obtained an injunction. In this petition they state that the writ was illegally sued out; that it could not issue until a partition was made of the property which the parties held in common. They pray that it may be quashed, and that they may recover $500, the damages they have sustained in the premises.

The answer of the defendants acknowledges

the error they had committed, expresses their
willingness to have a partition of the property
made, for which purpose they state they are
about to commence an action of partition;
and avers that the plaintiffs have suffered no
damage, except the costs, which the defendants
state they are willing to pay.

On this issue so joined, in which we can
discover nothing in dispute between the par-
ties, except the claim for damages, the peti-
tioner in intervention prayed liberty to inter-
plead, on the ground that he was in fact the
legal heir of Madelaine Masse, and entitled
to the whole of the property left by her.    His
petition concluded by a prayer that both par-
ties may be compelled to answer it; that he
may be decreed to be the sole heir of Made-
laine Masse, and as such entitled to the whole
of her succession.

We think the court below did not err in
refusing permission to interplead. The petition
does not shew any interest which the interve-
ner had in the question of damages which was
at issue between the parties.    And it is not
sufficient that the interpleader has claims to
establish and enforce against plaintiff or defen-
dant; to authorise an interference in their dis-
putes, he must shew that the decision of the

Western Dis,
*Sept.*1828.

PIERRE & AL
*vs,*
MASSE & AL

matters at issue between them, will, or may, affect his rights.

It is, therefore, ordered, adjudged, and decreed, that the judgment of the district court be affirmed with costs.

*Brownson* for the interpleader—*Lesassier* and *Garland* for the defendants.